**Marilyn BROOMER, Kristin Kopf, Plaintiffs–Appellants,**

v.

**HUNTINGTON UNION FREE SCHOOL DISTRICT, Carmen Casper, John Finello, Joseph Giani, James Polansky, Defendants–Appellees.**

**No. 13–4305–cv.**

United States Court of Appeals, Second Circuit.

May 19, 2014.

Steven A. Morelli, The Law Offices of Steven A. Morelli, P.C., Garden City, NY, for Appellants.

Steven C. Stern (Melissa L. Holtzer, on the brief), Sokoloff Stern LLP, Carle Place, NY, for Appellees.

Present: JOHN M. WALKER, JR., ROSEMARY S. POOLER, and RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment is **AFFIRMED.**

Marilyn Broomer and Kristin Kopf (collectively, "Plaintiffs") appeal from the October 11, 2013 judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*), granting Defendants–Appellees' motion to dismiss.

On appeal, Plaintiffs argue that the district court erred in dismissing their procedural due process claim.[1] Specifically, they contend that Defendants–Appellees violated their procedural due process rights by failing to provide evidentiary hearings prior to excessing Plaintiffs. Plaintiffs ground this claim on New York Education Law Section 2510(1), which some courts have suggested may require a predeprivation hearing when a tenured teacher's position is abolished and a similar position is concurrently created. *See, e.g., DeSimone v. Bd. of Educ., S. Huntington Union Free Sch. Dist.*, 612 F.Supp. 1568,1570–71 (E.D.N.Y.1985).

Even were we to conclude that Plaintiffs were terminated and that a pretermination hearing is required when a tenured teacher's position is abolished and a similar post is concurrently created—two issues we do not reach—Plaintiffs fail to plausibly plead that the newly created positions in this case were similar to their old positions.

We have also analyzed Plaintiffs' due process claim under the framework set forth in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Weighing all of the *Mathews* factors in the balance, Plaintiffs have not plausibly alleged a procedural due process violation.

---

1. Plaintiffs do not challenge the dismissal of their claims alleging violations of the Equal Protection Clause of the Fourteenth Amendment and various state and local laws.

We have considered Plaintiffs' remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **AFFIRMED.**